**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESUS TORRES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| PAN AMERICAN BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Jesus Torres ("Torres" or "Plaintiff"), by and through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law against Defendant, states as follows:

**JURISDICTION**

1.      This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and the Family and Medical Leave Act of 1993, 29 U.S. C. 101 *et. seq*, ("FMLA"). The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2.      The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by, 29 U.S.C. § 101 and 42 U.S.C. § 12101 *et. seq.*, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon disability. The jurisdiction of this court is also invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. § 101, providing for

declaratory, injunctive, compensatory and other relief against violations of FMLA. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

4.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    i.      Torres filed a charge of discrimination no. 2106CF1567 with the Illinois Department of Human Rights ("IDHR") on January 21, 2016, a copy of which is attached hereto as **Exhibit 1.**

    ii.      The EEOC issued a notice of right to sue to Torres for said charge, EEOC charge no. 21B-2016-00612 on May 22, 2017, a copy of which is attached hereto as **Exhibit 2.**

## PARTIES

5.      Torres is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

6.      Torres is a member of the protected class in that he has an impairment – back disorder.

7.      PAN AMERICAN BANK ("PAN AMERICAN") is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

8.      PAN AMERICAN is an employer as that term is defined under the ADA, 42 U.S.C. Sec. 12111 (4).

## BACKGROUND FACTS

9.      In August, 2002, Defendant hired Plaintiff as a maintenance worker.

10.      On January 7, 2015, Torres sustained an on-the-job injury, and injured his back.

11.     Torres subsequently engaged in protected activity by filing an Application for Adjustment of Claim with the Illinois Industrial Commission.

12.     Throughout his employment, Torres performed his job duties according to Defendant's legitimate expectations.

13.     Following the time that he engaged in protected activity, Plaintiff's Manager, Juan Otero, took away Torres' health insurance and demanded that he move heavy boxes.  Otero also told Plaintiff that a "person who has a family can do the job."

14.     Torres requested a reasonable accommodation in that he requested a light duty assignment to perform his job functions.

15.     Defendant refused to accommodate his request for a reasonable accomodation.

16.     On December 1, 2015, Defendant terminated Torres' employment.

### <u>COUNT I –  DISABILITY DISCRIMINATION - TERMINATION</u>

17.     Torres reincorporates and realleges paragraphs 1 through 16 as though more fully set forth herein.

18.     Torres was and is a member of a protected class, as he suffered and continues to suffer from a disability, a back disorder.

19.     Throughout his employment, Torres performed his job duties according to the Defendant's legitimate expectations.

20.     Defendant, in violation of the provisions of 42 U.S.C. Sec. 12101 *et. seq.*, has denied and continue to deny Torres an equal opportunity for employment, because of disability.

21.     When he was terminated, Torres was subjected to disability discrimination in that there was a double standard set up between disabled employees and non-disabled employees not

included within the protected class. Plaintiff's non-disabled counterparts were not subjected to the discriminatory treatment that Plaintiff was subjected to.

22.     Disability was a determining factor in Plaintiff's discriminatory treatment and termination. But for Plaintiff's disability, he would not have been terminated. Defendant knew that the discriminatory treatment termination of Plaintiff on account of disability violated the ADA.

23.     The unlawful employment practices alleged herein were committed within the State of Illinois.

24.     In terminating Torres, Defendant wrongfully discriminated against him because of his disability and in violation of the ADA, 42 U.S.C. Sec. 12112 (A).

25.     In terminating Torres, Defendant maliciously and/or recklessly violated the ADA.

26.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's, policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

27.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

28.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, Jesus Torres, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT II -
## DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

29.     The Plaintiff reincorporates and realleges Paragraphs 1 through 16 as though fully set forth herein.

30.     Torres requested a reasonable accommodation in that he requested to perform light duty work to accommodate his disability.

31.     Defendant refused to accommodate his reasonable request or even engage in the required interactive process to discuss what, if any, accommodation, could be made.

32.     Instead, Defendant terminated Torres' employment on December 1, 2015.

33.     By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

34.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

35.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

36.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JESUS TORRES, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT III - AMERICANS WITH DISABILITIES ACT:
## REGARDED AS HAVING AN IMPAIRMENT

37.     The Plaintiff reincorporates and realleges Paragraphs 1 through 16 of this Complaint at Law as though fully set forth herein.

38.     Plaintiff suffers from a back disorder.

39.     Plaintiff was regarded as having a disability by Defendant.

40.     By terminating Plaintiff's employment, Defendant maliciously and/or recklessly violated the ADA, 42 U.S.C. §12112 *et. seq*.

41.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

42.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JESUS TORRES, respectfully prays that this Honorable Court:

1.  Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act;

2.  Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies,

customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that it will not discriminate on the basis of disability;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of the Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of the Defendant, or, if impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff damages for emotional distress, pain, suffering, inconvenience, and loss of enjoyment of life;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

## COUNT IV – FAMILY AND MEDICAL LEAVE ACT

44. Plaintiff incorporates Paragraphs 1 through 16 as though more fully set forth herein.

45. At all pertinent times hereto, Plaintiff was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of Defendant.

46.     Plaintiff was entitled to protected leave under the FMLA in connection with the care of himself.

47.     Defendant willfully and intentionally interfered with Plaintiff's rights under the FMLA, 29 U.S.C. Sec. 2615, when it terminated Plaintiff's employment.

48.     Plaintiff was prejudiced by Defendant's interference with his FMLA rights.

49.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JESUS TORRES, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4.     Immediately assign Plaintiff to the job that he would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the practices of Defendants;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff liquidated damages for Defendant's willful conduct;

8.     Grant such other relief as may be just and proper.

### COUNT V – RETALIATORY DISCHARGE

50.     Plaintiff incorporates Paragraphs 1 through 16 as though more fully set forth herein.

51.     TORRES' discharge violated a clearly mandated public policy of the State of Illinois and 820 ILCS 305/4(h), which states in relevant part:

> "It shall be unlawful for any employer … to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity any employee because of the exercise of his or her rights or remedies granted to him or her under this Act."

52.     By terminating TORRES in retaliation for asserting his statutorily protected rights, the Defendant and its agent and employees acted willfully and intentionally.

53.     As a direct and proximate result of the Defendant's retaliatory discharge of TORRES, Plaintiff has suffered damages, including but not limited to lost income, benefits, emotional distress and damage to his reputation.

**WHEREFORE**, Plaintiff, JESUS TORRES, respectfully prays for an entry of judgment against the Defendant, PAN AMERICAN BANK, in a sum in excess of $50,000.00, as and for compensatory damages, $1,000,00.00 as and for punitive damages, and the costs of this action.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     Plaintiff incorporates Paragraphs 1 through 16 as though more fully set forth herein.

55.     By taking away Plaintiff's health insurance, instructing him to perform heavy lifting when it knew that Torres had a back injury, telling Plaintiff that his job was one for a worker

who had a family, and ultimately terminating his employment, Defendant intended to inflict emotional distress upon Plaintiff.

56.     Defendant's conduct was extreme and outrageous.

57.     As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiff has suffered damages, including but not limited to lost income, benefits, emotional distress and damage to his reputation.

**WHEREFORE**, Plaintiff, JESUS TORRES, respectfully prays for an entry of judgment against the Defendant, PAN AMERICAN BANK, in a sum in excess of $50,000.00, as and for compensatory damages, $1,000,00.00 as and for punitive damages, and the costs of this action.

Respectfully submitted,

**Plaintiff,**
**JESUS TORRES,**

By:     s/ Eugene K. Hollander
          One of his attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com